Westbrook, J.
The return of the sheriff of Greene county to the writ of habeas corpus which issued upon the petition of the relator, shows that the latter is held in custody by the former under an execution issued by John B. Ha gem an a justice of the peace of the-town of Windham in the county of Greene, upon a judgment recovered against the relator before him on the 37th day of March, 1885, for $100 damages aiid $30.45 costs of suit, in favor of Alexander Shultz and Bussell Steele as Overseers of the Poor of the town of Windham, for violations of the' excise law. ' '
The relator insists that he is entitled to his discharge because the justice had no jurisdiction, to render the judgment upon which the execution issued for three reasons, to wit.: 1st. The justice had no proof that the copy of the summons delivered to the relator had indorsed upon it a general reference to the statute under which the action was brought as" required by section 1897, of the Code of Civil Procedure ; 2nd. By an irregular adjournment the justice lost *463 jurisdiction of the cause ; and 3d. The costs were in excess of those for which he had power to render judgment.
It cannot be denied that there are grave questions to be passed upon by a court which has power t o review the judgment rendered against the relator. The return of the constable upon the summons did not show that the copy thereof delivered to the defendant (a copy summons must now be delivered to make the service of the summons valid, Code Civ. Pro. § 2878), was indorsed as the statute required (§ 1897). Formerly when the indorsement was required to be made upon the summons itself, it might possibly be argued that the indorsement was a part of the summons, and therefore proof of the service of the summons itself, upon which the indorsement appeared, was proof of the service of the notice as well. The argument, however, is inapplicable to the present statute. The indorsement now forms no part of the summons, and need not appear thereon, but it must appear on the copy delivered to the defendant as a notice for what cause he is sued. It consequently follows that proof of the service of the summons only, cannot, and does not, show that the copy delivered contained an indorsement required to be upon such copy and not upon the original process.
It is not, however, my intention to determine definitely how fatal the objections now urged are to the judgment which the justice has seen fit to render. The Code of Civil Procedure which regulates proceedings upon habeas corpus has expressly declared (§ 2032) that the prisoner must be immediately remanded “if it appears that he is detained in custody. . . . . By virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction.” The expression is peculiar. The test is not that the court or magistrate should have had jurisdiction of *464 the subject matter for which the judgment was rendered, and of the person of the party, against whom it was rendered, but that the tribunal should be “ competent” by reason of its “ civil or criminal jurisdiction” to render the judgment, by virtue of which the imprisonment is inflicted. When the judgment is one, which the court undertaking to render it, “ upon no facts whatevei•” (People v. Kelly, 32 Hun, 536-538), had the power to render, then the relief can be had by habeas corpus ; but where the judgment is one which, “ upon proper factsf might be given by the court or officer who has undertaken so to do, then redress must be sought by proceedings in review of the judgment (See People v. Kelly just referred to ; also Matter of Donohue, 1 Abb. N. C. 1).
The construction which has just been given to § 2032 of the Code of Civil Procedure is strengthened by § 2034 which forbids “a court or judge ” upon the return' of the writ, to “inquire into the legality or justice of any judgment, decree or final order specified "in § 2032. It needs no argument, to show that an inquiry to determine whether or not the justice, who assumed to render the judgment complained of, had sufficient proof before him of the delivery to the defendant of a copy summons with the necessary indorsement required bylaw, and also, whether or not he lost jurisdiction of the cause by an improper adjournment, and lastly, whether or not the costs were excessive, it being, conceded, as it must be, that under certain circumstances he might have rendered judgment for the amount he imposed, would be an inquiry into the “legality” of the “judgment.” All such questions must be presented by appeal. It clearly never was the policy of the habeas corpus act to permit any such inquiries as the relator seeks to have made. The adoption of the principle would tend to infinite confusion in the administration of justice, and *465 place the judgments of our highest courts for summary review in the hands of any magistrate who is empowered to issue the writ of habeas corpus (Commonwealth v. Lecky, 1 Watts, 66 ; Peltier v. Pennington, 2 Green [N. J.] 312).
For the reasons which have been given, the relator is remanded to the custody of the sheriff and the writ dismissed.