(January 18, 1893.)

## Ex Parte COX.

[32 Pac. 197.]

ASSAULT WITH DEADLY WEAPON LIKELY TO PRODUCE GREAT BODILY
HARM.—The applicant, John P. Cox, was indicted for the crime
of an assault with intent to murder, and was convicted of an
assault with a deadly weapon likely to produce great bodily harm,
and sentenced to confinement in the state prison for a term of
five years.

EXCESSIVE PUNISHMENT—VOID JUDGMENT.—Section 6732 of the
Revised Statutes prescribes the punishment for the crime of which
the applicant was convicted to be imprisonment for a term not
exceeding two years, or fine of $5,000, or both such fine and im-
prisonment.  The court sentenced the applicant to five years' im-
prisonment.  Held, that the judgment was not authorized by law
and is void.

JURISDICTION.—Jurisdiction to render the particular sentence im-
posed is as essential to its validity as jurisdiction of the person
or subject matter.

HABEAS CORPUS.—Application for writ of habeas corpus for release of
applicant.  Granted.

(Syllabus by the court.)

James W. Reid, for Petitioner.

George M. Parsons, Attorney General, for the State.

No brief filed.

SULLIVAN, J.—This is an application for a writ of habeas
corpus for the release of John P. Cox, who, it is alleged, is un-
lawfully imprisoned and restrained of his liberty by John P.
Campbell, warden of the Idaho state prison at Boise City,
Idaho.  It is alleged in the petition that said Cox was indicted
at the June term, 1891, and tried at the October term, 1891, of
the district court of the second judicial district of the state of
Idaho, in and for the county of Idaho, for an assault with in-
tent to commit murder, and that the jury returned the follow-
ing verdict: "We, the jury in the above-entitled case, find the
defendant guilty of an assault with a deadly weapon likely to
produce great bodily harm."  And the court thereupon entered
judgment against and sentenced the prisoner to confinement in

the state prison for a term of five years. That said judgment and sentence are void, for the reason that said court had no jurisdiction to impose said sentence and judgment under said verdict. A copy of the indictment, verdict and judgment are made a part of the petition. The court, on the filing of the petition, issued a writ of *habeas corpus* to the said warden, commanding him to have the body of said John P. Cox before this court at a time therein fixed, and to show cause why the said prisoner should not be released. At the time fixed said warden made his return to said writ, which shows that the cause of the detention of the said John P. Cox was by virtue of a judgment and sentence of the district court of the second judicial district of Idaho, in and for the county of Idaho, and annexed to and made a part of his return the commitment and judgment of said court, which show substantially the same facts as shown by the petition, the substance of which is above stated.

The prisoner was indicted for the crime of an assault with intent to murder, and was convicted of the crime of an assault with a deadly weapon likely to produce great bodily harm. The punishment for the crime of an assault with intent to commit murder is prescribed by section 6598 of the Revised Statutes, and his imprisonment in the state prison not less than one, and not more than fourteen years, while the punishment for the crime of an assault with a deadly weapon likely to produce great bodily harm is prescribed by section 6732 of the Revised Statutes, and is imprisonment in the state prison not exceeding two years, or by fine not exceeding $5,000 or both. The court evidently considered that the prisoner had been convicted of an assault with intent to commit murder, and sentenced him to imprisonment for five years, while in fact the verdict of the jury finds him guilty of the crime of an assault with a deadly weapon likely to produce great bodily harm. Under said section 6732 the maximum imprisonment for the offense of which the prisoner was convicted is two years, and there is no provision of law authorizing a longer term of imprisonment for that crime.

It is conceded by the attorney general that the sentence under the verdict could not exceed two years; but he contends that the prisoner should not be released by writ of *habeas corpus*, because

said judgment is merely erroneous, and not void, and cites some very respectable authority in support of that proposition, to wit: *Ex parte Shaw,* 7 Ohio St. 81, 70 Am. Dec. 55; *Ex parte Bond,* 9 S. C. 80, 30 Am. Rep. 20; *Petition of Crandall,* 34 Wis. 177; *In re Wiliams,* 39 Minn. 172, 39 N. W. 65. The counsel for the prisoner contends that the court had no jurisdiction to sentence the prisoner for a longer term than two years, and that the court exceeded its jurisdiction in rendering said judgment, and that the judgment, for these reasons, is absolutely void. There is no question but what the court had jurisdiction of the prisoner, and had jurisdiction to try him for the crime of which he was convicted, and to sentence him for that crime; but the question is whether the judgment or sentence which was rendered and pronounced was a mere erroneous exercise of power, and therefore voidable only, or is in excess of, and without, its jurisdiction, and therefore absolutely void. If the sentence is voidable only, the prisoner must be remanded; but, if it is absolutely void, he should be set at liberty. If a court having jurisdiction of the person of a prisoner, and jurisdiction to try and sentence the prisoner for the crime charged, on conviction sentences him to a longer term of imprisonment than the statute authorizes, is such judgment or sentence void, or voidable only? That is the precise question before us. If jurisdiction includes pronouncing the particular judgment authorized by statute, and no other, then the judgment pronounced is absolutely void, for the statute did not authorize such judgment.

19 Central Law Journal, page 102, contains an able article entitled "The Modern Idea of Jurisdiction." The author says: "The idea of jurisdiction entertained by the old jurists appears to have been that jurisdiction is simply the power to decide something in a given controversy, to proceed to judgment, to render some kind of a judgment, and that beyond this everything else related to the propriety of the judgment rendered"; and cites authorities in support thereof. The distinguished author further says: "The modern idea, as distinguished from this, is that jurisdiction is not merely the power to proceed in a cause, and to render some judgment therein, but it is the power to render the particular judgment rendered. This modern idea has been taken up by several respectable courts, including the.

supreme court of the United States. . . . . It will also be per-
ceived that nearly every reported case in which the courts have
asserted the power to inquire by *habeas corpus* whether other
courts, in rendering a particular judgment, were cases where
the courts so issuing the writs of *habeas corpus* were courts
possessing appellate or superintending jurisdiction over the
courts whose judgments were thus inquired into." It is stated
in 12 American and English Encyclopedia of Law, page 247,
that "there is a very clearly defined attempt in the latest cases
in the United States, however, to escape from the position that
the judgment of a court having jurisdiction to hear and deter-
mine is conclusive by adding to the definition of 'jurisdiction'
a new element, viz., that jurisdiction is not merely the power
to hear and determine, but also the power to render the par-
ticular judgment which was rendered"; and cites in support
thereof cases decided by the supreme court of the United States,
and decisions from the courts of last resort of several states.
On page 251, *supra,* the following conclusion is reached: "The
question, therefore, cannot be said to be definitely decided. The
great weight attached to the decisions of the supreme court of
the United States makes it at least probable that, if that court
continues to hold the views expressed in the late cases cited
*supra,* the courts of the various states will sooner or later adopt
them; but the decisions thus far scarcely authorize a stronger
statement than that there is a tendency in the later cases to
hold that jurisdiction includes, not only the power to hear and
determine, but also the power to render the particular judg-
ment entered in the particular case." Black on Judgments,
section 258, holds that jurisdiction to render the particular
sentence imposed is as essential to its validity as the jurisdic-
tion of the person or the subject matter. In commenting on
certain decisions which held that if a court had authority to
pronounce sentence, and while in the legitimate exercise of its
power, committed a manifest error, in the number of years of
confinement imposed on the defendant, the sentence was not
void, but erroneous, and refused to release the prisoner on
*habeas corpus,* the learned author says: "But the argument is
far from satisfactory. It involves the error of overlooking the
fact that jurisdiction to render the particular sentence im-

posed is equally as essential to its validity as the jurisdiction
of the person or subject matter. If either of these three ele-
ments is wanting, the judgment is a nullity. Now, in respect
to the sentence, the court has precisely the jurisdiction which
the statute gives it—no more and no less; and if the statute
prescribes that the sentence shall be for not less than three
years, the court is utterly without power to sentence for one
year. This seems too plain for argument. And, indeed, the
great preponderance of authority sustains the proposition that
if the court did not have the authority to render the particular
sentence; if the sentence is different from that prescribed by
law, or is below the minimum or above the maximum—that is
good ground for releasing the prisoner on *habeas corpus.*" In
support of that proposition the author cites: *Ex parte Lange,*
18 Wall. 163; *Ex parte Milligan,* 4 Wall. 131; *Ex parte Wil-
son,* 114 U. S. 417, 5 Sup. Ct. Rep. 935; *Ex parte Bernert,* 62
Cal. 524, 7 Pac. C. L. J. 460; *Ex parte Page,* 49 Mo. 291;
*People v. Walters,* 15 Abb. N. C. 461; *People v. Liscomb,* 60
N. Y. 559; 19 Am. Rep. 211; *Ex parte Kearny,* 55 Cal. 212; *In
re Petty,* 22 Kan. 477; *Ex parte Bulger,* 60 Cal. 438; *Miller v.
Snyder,* 6 Ind. 1; *Ex parte Smith,* 2 Nev. 338. In *Ex parte
Lange, supra,* the point is illustrated in the following clear and
forcible manner. The court say: "If a justice of the peace,
having jurisdiction to fine for a misdemeanor, and with the
party charged properly before him, should render a judgment
that he be hung, it would simply be void. Why void? Be-
cause he had no power to render such a judgment. So, if a
court of general jurisdiction should, on an indictment for libel,
render a judgment of death or confiscation of property, it
would, for the same reason, be void." In *Ex parte Page,* 49
Mo. 291, a case, in principle, very similar to the one at bar,
the court says: "The statute provides that persons convicted
of grand larceny shall be punished as follows: 1. Stealing a
horse, mare, gelding, colt, filly, mule, or ass; by imprisonment
in the penitentiary not exceeding seven years; 2. In all other
cases of grand larceny, by like imprisonment, not exceeding
five years. (Wagner's Statutes, p. 457, sec. 26.) In no case,
therefore, does the statute authorize, for any of the offenses
which constitute grand larceny, a sentence for more than seven

years' imprisonment. Hence the judgment for imprisonment for ten years was in violation of the statute, and palpably illegal. It would have been reversible on writ of error or appeal, as a matter of course. Can this court furnish the required remedy in this proceeding? The general principle is that on a hearing of a writ of *habeas corpus,* when it appears that the prisoner is detained by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction, no inquiry into the regularity of the proceedings which resulted in the judgment can be had. For all such errors or irregularities the law provides other remedies. . . . . But the statute, by an express enactment, declares that when a prisoner is brought up on *habeas corpus,* if it appears that he is in custody by virtue of process from any court legally constituted, or issued by any officer in the service of judicial proceedings before him, such prisoner can be discharged only in one of the following cases: 1. Where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum, or person. . . . . 6. Where the process is not authorized by any judgment, order or decree, nor by any provision of law. (Wagner's Statutes, p. 690, sec. 35.) It seems to me that the court, in passing the sentence, exceeded its jurisdiction in the matter, and that it did not act by authority of any provision of law. The application, therefore, I think, comes within the meaning of the statute." The provisions of the statute of Missouri just quoted are substantially the same as the provisions of section 8354 of the Revised Statutes of Idaho, which prescribes the cases in which a prisoner may be released on *habeas corpus* by this court. The court further says: "But in the case just quoted it will be perceived that the error was one of fact, provable by extrinsic evidence *dehors* the record. The record, as it stood, warranted the judgment, and the error of fact produced the difficulty. In such a case the court would not, in a collateral proceeding, undertake to revise the judgment. But, in the case we are now considering, the question presented is far different. The error here does not arise out of matter of fact, but is patent on the face of the record. The record proper shows that the judgment of the court in passing sentence was illegal; that it was not simply erroneous or irregular,

but absolutely void, as exceeding the jurisdiction of the court, and not being the exercise of an authority prescribed by law."

In the case at bar the statute authorized the court to sentence the prisoner for a term not exceeding two years; but, without any authority whatever, the court sentenced him to a term of five years, and clearly exceeded its jurisdiction in so doing. It has been suggested by the attorney general that, as the court had authority to sentence the prisoner for a term of two years, a writ should be denied, at least until the prisoner had served a term of two years. If the case was before us on appeal the court would no doubt be justified in reversing the judgment, and perhaps in remanding the case for resentence. We are not aware of any authority that would permit us to reduce said sentence, in this proceeding, to the term of two years, or to remand for a resentence. We have only authority, in this proceeding, to release or remand the prisoner to custody, as said judgment is an entirety. We certainly cannot, in this proceeding, modify it in any manner. In *Ex parte Kelly,* 65 Cal. 154, 3 Pac. 673, a case in which the defendant was convicted of battery, and sentenced or adjudged to pay a fine of $650, or to be imprisoned in the county jail until the fine was paid, at the rate of one day's imprisonment for every dollar of fine, and that he perform labor on streets or public works during such imprisonment, an application for a writ of *habeas corpus* was made, and the court say: "Battery is a misdemeanor, and is punishable by fine not exceeding one thousand dollars, or by imprisonment in the county jail not exceeding six months, or by both. . . . . It was clearly the intent to impose a penalty of a fine, and, in case it was not paid, imprisonment until the fine was satisfied at the rate indicated in the judgment. This is justified by section 1446 of the Penal Code. . . . . But this statute nowhere allows any addition to this substituted mode of payment. We look in vain to find any authority in any tribunal, in the Penal Code or any other codes, to annex to this substitution of incarceration for coin any other punishment. We find no power in the justice to add, as is done by the judgment, that the defendant, while so imprisoned, perform labor on the streets or other public works in the city of Los Angeles. This portion of the

judgment is clearly beyond and outside the jurisdiction of the tribunal which rendered it. Now, the judgment is a unit, and, if one portion of it is without the jurisdiction of the justice, the judgment is void." So, in the case at bar, the judgment is a unit, an entirety; and we cannot, in this proceeding, reduce it to two years. (See, also, *Ex parte Bernert,* 62 Cal. 524.) In *People v. Liscomb,* 60 N. Y. 559, 19 Am. Rep. 211, the court say: "A party held only by virtue of judgments thus pronounced, and therefore void for want of jurisdiction, or by reason of the excess of jurisdiction, is not put to his writ of error, but may be released by *habeas corpus.* It will not answer to say that a court having power to give a particular judgment can give any judgment, and that a judgment not authorized by law, and contrary to law, is merely voidable, and not void, and must be corrected by error. This would be trifling with the law, the liberty of the citizen, and the protection thrown about his person by the bill of rights and the constitution, and creating a judicial despotism. It would be to defeat justice, nullify the writ of *habeas corpus* by the merest technicality, and the most artificial process of reasoning. . . . . No court is or can be competent to pronounce a sentence and give judgment in open and palpable violation of a positive statute, and a judgment thus given is void. With us, all punishments are prescribed by statute, as well as to character as extent; and a sentence not conformable to law, as not warranted by statute, or which is in excess of the legal punishment, is *ultra vires,* and like every other act, whether judicial or ministerial, done without legal authority, is void." The opinion of the court in that case is a very able and exhaustive one, and we think peculiarly applicable to the case at bar. In *Ex parte Reed,* 100 U. S. 13, the court say: "If a magistrate having authority to find for assault and battery should sentence the offender to be imprisoned in the penitentiary, or to suffer the punishment prescribed for homicide, his judgment would be as much a nullity as if the preliminary jurisdiction to hear and determine had not existed. Every act of a court beyond its jurisdiction is void." The sentence in the case at bar was not warranted by statute, was in excess of the punishment prescribed by law, and is absolutely void; and when a prisoner

is held under such a sentence, and the matter is properly brought to the attention of this court, it has authority to inquire into the matter, and to discharge the prisoner, if it be found that the court had no jurisdiction, under the law, to render the particular judgment rendered, or to pass the sentence imposed. In *Ex parte Yarbrough,* 110 U. S. 651, 4 Sup. Ct. Rep. 152, in regard to this class of cases, the court say: "It is, however, to be carefully observed that this latter principle does not authorize the court to convert the writ of *habeas corpus* into a writ of error, by which the errors of law committed by the court that passed the sentence can be reviewed here; for if that court had jurisdiction of the party, and of the offense for which he was tried, and has not exceeded its powers in the sentence which it pronounced, this court can inquire no further." In the case at bar the court did exceed its powers in the sentence, which it pronounced. There was no provision of law authorizing such sentence, and it is void. We are of the opinion that jurisdiction to render the particular sentence imposed was as essential to the validity of the judgment as the jurisdiction of the person or subject matter, and that the sentence of the district court under which the said John P. Cox is held a prisoner was pronounced without authority of law, and is void, and that the prisoner should be released; and it is so ordered.

Huston, C. J., and Morgan, J., concur.