(25 Misc. Rep. 125.)

### PEOPLE ex rel. PERRY v. HAGAN.

(Supreme Court, Special Term, New York County. November, 1898.)

CRIMINAL LAW—REVIEW—HABEAS CORPUS.
     Where a magistrate has jurisdiction of a prosecution for illegal regis-
     tration, his decision, rendered upon evidence introduced before him, cannot
     be reviewed on proceedings for the discharge of defendant upon habeas
     corpus or certiorari.

Charles D. Perry was convicted of illegal registration, and brings
proceedings for his discharge on habeas corpus or certiorari. Writs
dismissed.

Thomas F. Grady, for relator.
Philip Carpenter and Elihu Root, for defendant.

LAWRENCE, J. The general statement in the affidavit on which
the warrant issued is that the defendant did personally appear be-
fore the inspectors of the Second election district of the Sixth as-

sembly district of this city, on the 22d day of October, 1898, "and did then and there, at the general registration of voters, feloniously cause his name to be placed upon the list or registry of voters as a qualified voter in said election district, residing at No. 57 Bowery, in said city, the said defendant well knowing at the time that he was not, and on the day of election, for which said registration was had, would not be, a qualified voter in said election district." The specific reason alleged in the affidavit as to the disqualification of the defendant was "that he did not reside at No. 57 Bowery, and could not have resided there on said October 22, 1898, for the reason that the said premises were undergoing repairs, on and prior to said date, which made them uninhabitable, and for the further reason that there were no accommodations in said building on said date for residential purposes." I understood it to be conceded on the argument that if the person applying for registration had, at the time of such application, a bona fide residence at the place from which he desired to be registered, it would not be lost by the subsequent demolition of the building, and there was evidence before the magistrate that the petitioner had such residence on the 7th of October. This would prima facie give to the petitioner a right to vote as a resident of No. 57 Bowery, as he would on election day have been a resident there for more than 30 days. It is claimed, however, that, notwithstanding this fact, the evidence before the magistrate shows that the petitioner had not been a resident of this county for four months prior to the election, as required by the constitution; and it is claimed that there was therefore ground for holding him under the general complaint that he well knew at the time of registration that he was not, and would not be, a qualified voter in the election district on the day of the election, and the magistrate has held that a prima facie case of illegal registration has been made out. As the magistrate had jurisdiction of the subject-matter and of the person of the petitioner, and, on the evidence before him, to pronounce the judgment which he did, I do not see how I can review the decision which he has rendered, and discharge the prisoner on habeas corpus or certiorari, under the following authorities, and others which might be cited: People v. Protestant Episcopal House of Mercy, 128 N. Y. 180, 28 N. E. 473; People v. New York Catholic Protectory, 106 N. Y. 604, 13 N. E. 435; People v. Sisters of St. Dominick, 34 Hun, 463; People v. Walters, 15 Abb. N. C. 461.

The writs must therefore be dismissed, and the prisoner remanded. Ordered accordingly.