[No. 1224, August 28, 1909.]

## TERRITORY OF NEW MEXICO, Appellee, v. RICARDO ALARID, Appellant.

### SYLLABUS (BY THE COURT.)

1. On an indictment which charges that the defendant made an assault upon a person named, with a gun loaded with gunpowder and a leaden ball and discharged the loaded gun at and against such person with the premeditated intent of killing him, there may properly be a conviction of assault with a deadly weapon, as all the essential elements of that crime are alleged.

2. An erroneous instruction as to assault with intent to kill does not vitiate a conviction of assault with a deadly weapon on the same indictment, unless it is made to apply to that crime as well as the other, and if it is made so applicable by request of the defendant, without calling the attention of the court to the erroneous feature of the instruction, the defendant is not entitled to a new trial on account of the error so induced.

3. Under the circumstances disclosed in the record it was properly left to the jury to determine whether a threat made by the defendant, according to evidence for the Territory, related to the man on whom it was alleged the defendant shortly after made the assault charged.

Appeal from the District Court for Santa Fe County, before JOHN R. McFIE, Associate Justice. Affirmed.

A. B. RENEHAN and CHARLES A. SPIESS for Appellant.

Under the plea of self-defense, the jury must believe beyond a reasonable doubt that the defendant stood in no real or apparent danger, judging from his standpoint before it could lawfully convict. Coffin v. U. S. 156 U. S. 461; Potter v. U. S., 155 U. S. 448; Davis v. U. S., 160 U. S. 484 et seq.; New Orleans, etc., R. Co. v. Jones, 142 U S. 24; Bank v. Bank, 6 How. 226, 227; 11 Enc. P. & P., 145-147: Acers v. U. S., 164 U. S. 391-393.

An assault is an attempt to strike a blow which does not fall. A blow resulting, a different offense from that denounced in the statute ensues. U. S. v. Hand, 26 Fed. Cas. 103, 104; Goodram v. State, 60 Ga. 509; Sweeder v. State, 19 Ark. 205, 213; State v. Horrigan, 55 Atl. 5; State v. Meyerfield, 61 N. C. 108; State v. Wyatt, 41 N. W. 31; s. c. 76 Ia. 328; Hays v. People, 1 Hill 351; State v. Godfrey, 20 Pac. 625, s. c. 17 N. 300; Prince v. Ridge, 66 N. Y. Sup. 454; Lane v. State, 65 Ala. 11; McKay v. State, 44 Tex. 43; Fox v. State, 34 Oh. St. 377; Farrow v. State, 29 Tex. App. 250; People v. Islas, 27 Cal. 630; Bishop v. Ranney, 59 Vt. 316; Norris v. White, 158 Mo. 20; Kline v. Kline, 158 Ind. 602, 58 L. R. A. 397; Perkins v. Stein, 94 Ky. 433, 20 L. R. A. 861; 1 Words & Phrases 535, 536; Acers v. U. S., 164 U. S. L. ed. 482, note; ex parte Brown, 40 Fed. 81.

Irrelevant testimony should have been excluded. Heffenton v. State, 41 Tex. Crim. 315; People v. Farley, 124 Cal. 594; Henson v. State, 120 Ala. 316; People v. Kennedy, 67 Hun. 652, 22 N. Y. S. 267; Com. v. Hoskins, 35 S. W. 284; King v. State, 89 Ala. 146; State v. Guy 69 Mo. 430; Carr v. State, 23 Neb. 740; Hall v. Territory, N. M., 62 Pac. 1085; Com. v. Madan, 102 Mass. 1.

Where the signing and bringing into court of an indictment upon which the trial rested, was clearly the result of a mistake, such mistake may be shown. State v. Horton, 63 N. C. 595; ex parte Bain, 121 U. S. 12; U. S. v. Harmon, 34 Fed. 872.

The jury should have had an opportunity under proper instructions to assess or recommend a penalty. C. L. 1897, secs. 1379, 1189, 3405; 1 Fed. Stats. Ann., p. 114.

Upon an indictment charging assault with intent to kill, a verdict for assault with a deadly weapon will be supported, where the elements of both offenses are stated. 12 Cyc., p. 474, notes 16, 17; Cal. Penal Code, sec. 1159; Beckwith v. People, 26 Ill. 500; Com. v. Clarke, 162 Mass. 495; State v. Collier, 17 Nev. 275; State v. Kelly, 41 Ore. 20; West v. Territory, 36 Pac. 202, 209; C. L., secs. 1083, 1379.

JAMES M. HERVEY, Attorney General, for Appellee.

Error in instructions as to a higher degree of· the crime is harmless where accused is convicted of the lower degree. State v. Fritterer, 65 Mo. 424; State v. Kelly, 85 Mo. 144; State v. Snell, 78 Mo. 243; State v. Wilson, 98 Mo. 445; State v. Stockwell, 106 Mo. 40; State v. Gates, 130 Mo. 357; Blackwell v. State, 32 Tex. Cr. 280, 32 S. W. 128; Stephenson v. State, 24 S. W. 645; Rutledge v. State, 33 S. W. 347; McCarty v. State, 58 S. W. 77; State v. Richardson, 47 S. C. 23; State v. Hairston, 121 N. C. 583; Williams v. State, 60 Neb. 528; Henderson v. Com., 7 Ky. Law Rep. 745; State v. Winter, 72 Ia. 636; Rollins v. State, 62 Ind. 46; Long v. State, 95 Ind. 489; Crawford v. State, 92 Ga. 481; State v. Dickson, 6 Kan. 220; Mackey v. People, 2 Colo. 17; People v. Riley, 65 Cal. 109; People v. Swift, 66 Cal. 349; People v. O'Neal, 67 Cal. 378; People v. Boling, 83 Cal. 380; People v. Gordon, 88 Cal. 422.

Erroneous instructions given cannot be made available as error in the reviewing court by a party on whose motion they were given. Even error assigned to the giving of instructions, to which no exception appears, cannot be considered. Collins v. State, 5 Tex. Ct. of App. 40; State v. Reddick, 7 Kan. 152; Blashfield on Instructions to Juries, p. 379; Noble v. People, 23 Colo. 9; Chipman v. People, 24 Colo. 523; Halland v. People, 30 Colo. 94; Phillips v. State, 28 Fla. 81; Steffey v. People, 130 Ill. 98; Vanderkarr v. State, 51 Ind. 91; State v. Williams, 115 Ia. 97; Scott v. State, 31 Miss. 473; Territory v. Perea, 1 N. M. 625; State v. Sprague, 149 Mo. 409; State v. Gregory, 158 Mo. 139; State v. Vinso, 171 Mo. 576; Bush v. State, 47 Neb. 642; Barber v. State, 69 S. W. 515; Padilla v. Territory, 8 N. M. 562; Territory v. Watson, 78 Pac. 504.

Under an indictment charging an assault with a gun loaded with gunpowder and a leaden ball, with intent to kill and murder, there may properly be a conviction for assault with a deadly weapon, the intent not being proven, and the weapon alleged in the indictment being defined by Section 1383 of the Compiled Laws of 1897, as a deadly weapon. People v. English, 30 Cal. 215; ex parte Dona-

Territory v. Alarid.

hue, 65 Cal. 474; People v. Pape, 66 Cal. 366; People v. Bentley, 75 Cal. 407; People v. Gordon, 99 Cal. 227; People v. Gordon, 103 Cal. 568; Smith v. State, 35 Tex. 500; Chacon v. Territory, 7 N. M. 246; State v. Shepard, 10 Ia. 126; White v. State, 13 Ohio St. 569; Prindeville v. People, 42 Ill. 217; State v. Butman, 42 N. H. 480.

Admission of testimony objected to by defendant. State v. Hymer, 15 Nev. 49; Hopkins v. Com., 50 Pa. St. 9; Muscoe v. Com. 87 Va. 460; Snodgrass v. Com. 89 Va. 679; Ford v. State, 71 Ala. 396; Starr v. State, 160 Ind. 669; State v. Cochran, 147 Mo. 517; Moore v. People, 57 Pac. 858; State v. Vance, 70 Pac. 34.

The facts sufficiently appear in the opinion.

### OPINION OF THE COURT.

ABBOTT, A. J.—Ricardo Alarid was tried September 19, 1907, in the First District Court for Santa Fe County, on an indictment charging him with assaulting Camilo Martinez with a loaded gun, with the premeditated intention of killing him. The court instructed the jury that under the indictment the defendant might be convicted of assault with intent to kill, as charged, or of assault with a deadly weapon; and he was found guilty of the latter offense. To this the defendant excepted, and it is here claimed in his behalf that the latter crime was not so covered by and included in the indictment, as to warrant a conviction of it.

The acts of the defendant, as alleged in the indictment, constituted one crime or the other, according to the intention with which they were done. If they were done with intent to kill, they constituted the crime specifically named and charged in the indictment; if without that intent, the same acts constituted an assault with a deadly weapon. No element of the latter offense is lacking from the statement of the indictment. It is urged that the defendant was not apprised by the indictment that he had to make defense against a charge of assault with a deadly weapon. He was apprised that he was charged with everything which goes to make up that offense and with more, namely, with the intent to

kill, in doing what it was alleged he did.    The indict-
ment lacked no information which could have enabled him
any better to prepare for trial.    The two offenses, in
question are of the same grade, although a heavier pen-
alty may be imposed for an assault with intent to murder
than for assault with a deadly weapon; and it is well set-
tled that under an indictment for the greater which in-
cludes every element of the less, a conviction of the latter
should be allowed to stand.    Chacon v. Territory, 7 N. M.
241, 246; Prindeville v. The People, 42 Ill. 217; People
v. English, 30 Cal. 215; ex parte Donahue, 65 Cal. 474;
People v. Gordon, 103 Cal. 568.

Another error assigned is that by an instruction given
to the jury, the burden of proof was improperly imposed
on the defendant in relation to his claim that he acted in
self-defense.    The material portion of what is complained
of is this:    "If you believe from the evidence in this case
and beyond a reasonable doubt that immediately prior to
the firing of the shot by the defendant, Camilo Martinez
put his hand under his coat under such circumstances as
to lead the defendant to honestly believe that the said
Martinez was in the act of drawing a deadly weapon upon
him, the defendant," etc., "then I charge you," etc.    It
was given on the charge of assault with intent to kill,
and if a conviction on that charge had resulted it might,
no doubt, have furnished ground for reversal.    As there
was not such a conviction, it was, so far, harmless error.
State v. Kelly, 85 Mo. 114; State v. Fritterer, 65 Mo.
424; Blackwell v. State, 32 Tex. Cr. Ap. 280; 32 S. W.
128; McCarty v. State, 58 S. W. 77; People v. Gordon,
88 Cal. 422; 26 Pac. 503; State v. Dickson, 6 Kan. 220.

But after the charge to the jury and an exception on
the part of the defendant to every instruction given, on
the ground that they were severally contrary to the law
and the evidence, the defendant's attorney requested the
court to direct the jury that the instructions given to
them, as to the right of self defense, on the charge of
assault with intent to kill, were equally applicable on
the charge of assault with a deadly weapon; and that was
done.    But for that request, apparently, the court would

have given no instruction on the subject of self defense as related to the offence of assault with a deadly weapon. of which the jury had been told they had the right to find the defendant guilty on the indictment. That, if error, would have been the error of the court. But, when, at the request of the defendant's attorney, an error was committed, it is one of which he should not be allowed to take advantage. The instruction is so obviously erroneous that it must have been given inadvertantly in the first instance. If the attention of the court had been called to it, unquestionably it would have been corrected, but, instead, there was the request to tell the jury, without it being read to them so far as the record shows, that it was applicable on the question whether the defendant was guilty of assault with a deadly weapon. The defendant cannot have the advantage of error so caused, even though, as we assume the case was, his attorney did not intend to mislead the court. Collins v. State, 5 Tex., Ct. of App. 40; Blashfield on Instructions to Juries, p. 379.

Besides, as already stated, it appears on page 155 of the bill of exceptions, that immediately after the charge to the jury, and before making the request referred to, the defendant excepted generally to each of the instructions given. The erroneous direction in question forms but a small part of the fifth instruction in which it is found, and which contains other directions to the jury that are correct. A general exception to an instruction which though in part erroneous, is, in part, correct, cannot be sustained. Cooper et al., v. Schlesinger et al., 111 U. S. 148.

One of the errors assigned by the defendant is that the evidence of a threat made by him to shoot a person whom he did not name, was admitted. There was besides the language of the threat itself, evidence that the defendant had been warned against Camilo Martinez not long before he made the threat, and the undisputed fact

Territory v. Sais.

that he soon after he made it began a controversy with
Martinez on a matter in dispute between them, and
3   did shoot him.   It was for the jury to determine
from the evidence whether he had reference to Mar-
tinez when he made the threat, if they believed he made
it.   State v. Cochran, 147 Mo. 517; Moore v. People, 57
Pac. 858 (Colo.) ; State v. Vance, 70 Pac. 34 (Wash.)

The other questions raised by the appellant's assign-
ment of errors are too well settled in this jurisdiction to
require separate consideration.

The judgment of the District Court is affirmed.

Pope, A. J., concurs in the result.