Argued August 3, decided September 20, rehearing denied October 18, 1910.

# STATE v. ERICKSON.

[110 Pac. 785 ; 111 Pac. 17.]

ASSAULT AND BATTERY—ASSAULT WITH DANGEROUS WEAPON—INDICT-
MENT.

1. An indictment for assault with a dangerous weapon, which alleges
that the two defendants assaulted prosecutor with a rifle by shooting at
him, the rifle being held in the hands of one of the defendants, both
defendants acting together, sufficiently charges a wrongful intent, and is
good.

ASSAULT AND BATTERY—"ASSAULT WITH A DANGEROUS WEAPON"—ELE-
MENTS.

2. To constitute an "assault with a dangerous weapon," the only
specific intent necessary is the intent embraced in the act of making an
assault with a dangerous weapon, which is merely an intentional and
unlawful use of a dangerous weapon by means of which an assault is
committed with such weapon.

CRIMINAL LAW—APPEAL—ERRONEOUS ADMISSION OF EVIDENCE.

3. On a trial for assault with a dangerous weapon, the error, if any, in
admitting evidence of a pending purchase of land by prosecutor from
accused at the time of the offense, is not prejudicial.

ASSAULT AND BATTERY—ASSAULT WITH DANGEROUS WEAPON—EVIDENCE
—ADMISSIBILITY.

4. On a trial for assault with a dangerous weapon, evidence of a pend-
ing purchase of land by prosecutor from defendant at the time, and the
statement of one of the defendants that she would get prosecutor's money
and the land, was material as bearing on the motives of defendants.

CRIMINAL LAW—APPEAL—QUESTIONS REVIEWABLE.

5. Where the record did not show that defendant and codefendant were
husband and wife, the objection that a charge deprived the codefendant of
the *prima facie* presumption that a wife acting with her husband, acted by
coercion and without guilty intent, as provided by Section 788, subd. 31,
B. & C. Comp., was without merit.

ASSAULT AND BATTERY—ASSAULT WITH DANGEROUS WEAPON—EVIDENCE
—INSTRUCTIONS.

6. Where prosecutor disarmed defendants and retained their weapons
as a matter of safety, and left the premises of defendants, one of whom
then fired shots at prosecutor while he was going away, a charge that if
the shots were fired at prosecutor while he was going away, and there was
no apparent danger of immediate attack from him, anything that prose-
cutor had done prior thereto would not justify the shooting was not open
to the objection that it deprived defendants of the right to retake their
weapons, and use force enough for that purpose.

CRIMINAL LAW—INSTRUCTIONS—SUFFICIENCY.

7. Where a requested charge given by the court sufficiently embodied
the presumption of the innocence of accused, the refusal of other requests
on that subject was not error.

CRIMINAL LAW—EVIDENCE—INSTRUCTIONS.

8. It is not error to refuse a charge on a defense not presented by any evidence.

CRIMINAL LAW—APPEAL—BILL OF EXCEPTIONS—NECESSITY.

9. The purpose of a bill of exceptions is to bring to the appellate court the exceptions and so much of the evidence as is necessary to disclose their relevancy and materiality, and the appellate court will not resort to the transcript of the court reporter's shorthand report of the trial in order to determine the facts or the weight of the evidence.

MARRIAGE—EVIDENCE.

10. Testimony referring to defendant and codefendant as "Mr. and Mrs. E.," and to codefendant as "Mrs. E.," does not establish the relation of husband and wife ; and hence the court on appeal will not reverse a conviction on the ground that the female defendant was deprived of the *prima facie* presumption that a wife, acting with her husband, acts by coercion and without guilty intent.

From Crook: WILLIAM L. BRADSHAW, Judge.

The defendants, C. H. Erickson and Bettie Erickson, were jointly indicted, tried and convicted of assault with a dangerous weapon, and from the judgment thereon they appeal.                                        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. John H. Hall.*

For the State there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. Frederick W. Wilson,* District Attorney, and *Mr. Hollis S. Wilson,* with an oral argument by *Mr. Frederick W. Wilson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The defendants were jointly indicted, charged with an assault with a dangerous weapon—a rifle—upon one Leonard Walters, and upon trial were found guilty. From a judgment thereon they appeal.

As stated in defendants' brief, much of which is not disclosed by the bill of exceptions, Walters had purchased some land from defendants, but there had been no trouble between tnem in regard to it. It appears, also, that defendants were using one of Walters' horses at some farm work, and that Walters, desiring to use it, went to

defendants' home after it. Walters testified that, after
they had some conversation as to the further use of the
horse by defendants, he started to the corral to get the
horse, when Mrs. Erickson presented an automatic rifle
about a foot from his face and commanded him to get
off the premises; that he threw his arm up struck the
gun away as it went off, knocked Mrs. Erickson down,
and saw Mr. Erickson jump for the door to get another
gun. Walters picked up the rifle and ran toward the
door, at the same time pulling his revolver. Mr. Erick-
son was in the act of putting two shells into the barrel
of a shotgun, but did not get it broke down when Walters
grabbed it to stop him from shooting. Erickson whirled
it around and struck Walters on the side of the head.
Walters then shot at his wrist with the revolver, but
testified that he did not know whether it hit him or not.
Mr. Erickson dropped the gun and ran out of the house,
and Walters picked up the two guns and started home.
When he was about 20 or 25 rods from the house. Mrs.
Erickson, with an oath, called to him to drop the guns,
and Mr. Erickson shot at him with another gun. Walters
started to run when Mr. Erickson fired eight shots at
him.

1. The charge in the indictment is that defendants
assaulted Walters with a rifle by shooting at him; the
rifle being held in the hands of C. H. Erickson, the
defendants acting together. The court instructed the
jury that, as the state made no claim for conviction for
any act done by defendants prior to the time Walters
left the Erickson home with the two guns, they have no
right to find a verdict of guilty against defendants for any
act which they may have committed prior to that time
nor for any shooting done by Mrs. Erickson.

2. The first error urged is that the indictment is fatally
defective because it does not allege a wrongful intent.

But the statute makes no reference to the intent, and in *State* v. *Godfrey,* 17 Or. 300 (20 Pac. 625: 11 Am. St. Rep. 830), it is said that no specific intent is necessary to constitute the crime under this statute other than such as is embraced in the act of making an assault with a dangerous weapon. This simply embraces the intentional and unlawful use of a dangerous weapon by means of which an assault is committed with such weapon upon the person of another. This disposes also of the objection to instructions numbers 4 and 7.

3. The exception to the admission of evidence as to the pending purchase of land by Walters from defendants is not well taken. Such evidence could not be prejudicial.

4. But in connection with the statement attributed to Mrs. Erickson, that she would get Walters' money and the land too, was material as bearing upon the motives of defendants. Several other exceptions are saved to the admission of evidence offered by the state and the exclusion of evidence offered by defendants, but no good purpose can be served by setting it out at length. It is sufficient to say that we find no prejudicial error in the rulings thereon. Exception was taken to remarks made by the district attorney in the argument to the jury, but the bill of exceptions does not disclose that anything that was said by him was not justified by the evidence and within the line of legitimate argument.

5. The first instruction objected to is: "If you find C. H. Erickson guilty, you should also find defendant Bettie Erickson guilty, if you find beyond a reasonable doubt from the evidence she acted with C. H. Erickson in committing the offense charged." It is contended that this deprived Mrs. Erickson of the *prima facie* presumption that "a wife acting with her husband in the commission of a felony, other than murder, acted by coercion and without guilty intent." Section 788, subd. 31, B. & C.

Comp. This question appears to be raised in this court for the first time. No doubt, had the facts justified it, and the attention of the court had been called to it, it would have properly submitted the question to the jury. But the record does not show that the defendants were husband and wife; hence the objection is without merit.

6. The tenth instruction to which exception was taken is to the effect that if the shots were fired at Walters while he was going away from the person firing the shots, and there was no apparent danger of immediate attack from Walters, then nothing that Walters had done prior to such shooting at him would justify the person so shooting. The objection, as stated in the brief, to this instruction is that Walters had unlawfully taken two guns belonging to Erickson, viz., a larceny from a dwelling, and that defendant had a right to retake his property and to use force enough for that purpose. This suggestion is made in this court for the first time. But there is no pretense that Walters was committing a larceny from a dwelling. Whatever may have taken place at that time, it is clear that Walters had disarmed his antagonists, and was retaining their weapons as a matter of safety to himself, and the instruction was not subject to this objection.

7. The first instruction requested by defendant, as given by the court, sufficiently embodies the presumption of innocence that obtains in defendants' favor, and the refusal of other requests upon that subject was not error.

8. The seventh requested instruction is based on the right of self-defense. The court instructed the jury that, if they found that the defendants shot at Walters while he was running away from them and when he was not assaulting or about to assault them, defendants cannot justify under the claim of self-defense, and there is nothing in the bill of exceptions to indicate that there was

any element of self-defense in the shooting by defendants, and it was not error to refuse to give the instruction.

The judgment is affirmed.                AFFIRMED.

---

Decided October 18, 1910.

## ON PETITION FOR REHEARING.

[111 Pac. 17.]

MR. JUSTICE EAKIN delivered the opinion of the court.

9. In addition to the bill of exceptions, defendants have had certified to this court a transcript of the court reporter's shorthand report of the trial, which consists of 362 pages of typewritten matter. If we must examine this record, then there is no necessity for a bill of exceptions. It is not the province of this court to examine the facts, nor to determine the weight of the evidence. The purpose of the bill of exceptions is to bring to us the exceptions and only so much of the evidence as is necessary to disclose their relevancy and materiality: *Bigelow* v. *Columbia Gold Mining Co.*, 54 Or. 452 (103 Pac. 56, 1007).

10. However, defendants' counsel, in this motion refers to the evidence which, he contends, indicates that defendant Bettie Erickson is the wife of defendant C. H. Erickson; but there is no pretense that there was any evidence that they are husband and wife. He only seeks to draw an inference to that effect from the testimony, which refers to them as Mr. and Mrs. Erickson, and to Bettie Erickson as Mrs. Erickson. But this does not establish the relation of husband and wife in such a manner that we may assume it to have been proved, and upon which proof we should reverse the judgment.

The motion is denied.

AFFIRMED: REHEARING DENIED.