No. 20,457.

ROBERT EDWARD DAY v.
THE PEOPLE OF THE STATE OF COLORADO.
(381 P. [2d] 10)

Decided April 22, 1963.     Rehearing denied May 13, 1963.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mrs. Aurel M. Kelly, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error will be referred to as defendant. An information was filed in the district court of El Paso county in which it was alleged that the defendant, "* * * on the 7th day of January A. D. 1962, at the said County of EL PASO, did then and there feloniously, wilfully and of his malice aforethought, make an assault upon BLANCH SYLVIA DAY with a deadly weapon which he, said ROBERT EDWARD DAY, then and there had, with intent then and there, feloniously, wilfully and of his malice aforethought, to kill and murder the said BLANCH SYLVIA DAY; * * *"

Defendant entered a plea of not guilty, and upon trial to a jury a verdict was returned finding him guilty of the crime of assault with a deadly weapon with intent to commit a bodily injury. Motion for a new trial was filed and overruled and judgment entered on the verdict imposing a sentence of not less than three nor more than five years in the state penitentiary. Defendant appears pro se in this court, and, as is usual in such cases, the arguments advanced as grounds for reversal of the judgment reflect a misapprehension of legal principles applicable to the case.

Defendant's "brief" is presented under nine captions some of which involve the same subject matter. The substance of his asserted grounds for reversal are included in the following:

(1) That the jury was permitted to see defendant in handcuffs while going to or from the courtroom in the custody of the sheriff, and that the court should have sustained his motion for a mistrial.

(2) That an unreasonable length of time elapsed between the date the information was filed against him and the date upon which he was "taken before a Judge" or before the district court; that his motion to dismiss the action because of this delay should have been sustained.

(3) That the court erred in refusing to permit the jury to visit the premises where the shooting took place.

(4) That the trial court erred in instructing the jury on the crime of assault with a deadly weapon with intent to commit bodily harm, when the information charged an assault with intent to kill and murder.

(5) That the trial court erred in instructing the jury with regard to the "flight" of defendant.

The people offered evidence which established the following facts:

On January 8, 1962, Blanch Sylvia Day, defendant's former wife, was in a bar and grill in Colorado Springs, known as the Brass Rail. She was accompanied by her

sister, Mary Lee Mobley, and one John Portray. They had seated themselves in the first booth next to the entrance of this establishment, Mrs. Day in a position next to the wall, where they remained until the incident complained of in the information. Later two servicemen joined this party of wassailers, one of whom gave testimony at the trial. The defendant, who had been in the bar earlier in the day and who had seen and been seen by his former wife, returned about 2:00 P.M. and seated himself at a bar stool, at an angle opposite to and only a few feet from the booth in which she was seated. After ordering some intoxicating liquor the defendant faced the booth and said: "Look, Blanch!" Blanch looked. Defendant had in his hand a black automatic pistol. This gun, pointed at Mrs. Day was fired and the bullet thereupon struck Mrs. Day in her left arm. The incident occasioned some confusion in the Brass Rail. Blanch commenced to faint and slide under the booth; Johnny Portray, seated between the two ladies, tried to hold her up; Mary Lee Mobley became hysterical; either one of the servicemen in the booth or one of the soldiers in the adjoining booth, or both, arose and started toward defendant, however he still held the gun, and the soldiers retreated; whereupon the defendant went out the door and ran down the street.

The shooting was reported immediately, officers were dispatched to the scene and one of them saw defendant running away some distance from the scene of the crime. He was stopped and taken into custody. He admitted that "he was the man they were looking for." At the trial he testified that he saw Mrs. Day at another bar and at the place where the shooting occurred earlier in the day; that he went to get a gun for the purpose of going target shooting but returned to the Brass Rail in order "to scare her into staying away from there." He denied that he intended to kill his former wife and stated, "If I would have intended to kill her I would have fired more than one bullet into her."

With reference to the argument that there was unreasonable delay in "taking the defendant before a Judge," the chronology of events was as follows: The offense was committed on Sunday, January 7, 1962, upon which date defendant was arrested. The information against him was filed January 9, 1962, and on the same day the criminal warrant was served upon him and this warrant informed him of the fact that an information accusing him of assault to murder had been filed and that his bond was fixed in the amount of $5,000.00. March 9, 1962, defendant was brought to court, informed of his rights, and counsel assigned to defend him. Counsel first assigned could not serve and another attorney was appointed who on March 23, 1962, filed a motion for dismissal of the action based upon the alleged unreasonable length of defendant's detention without being brought to court. The motion was argued and denied March 30, 1962. Trial of the case began April 24, 1962, and concluded April 26th.

Immediately following the selection of the jury and before any evidence was offered, counsel for defendant made the following motion outside the presence of the jury:

"MR. FANN: If it please the Court, at this time the defendant moves that the Court grant a mistrial, and as a basis for this motion states that the defendant was brought into the hallway of the court in handcuffs, was brought up the elevator still handcuffed to the officer and out into the hallway where the members of the jury was standing, and it is the feeling of the defendant that his rights have been prejudiced and that he could not possibly have a fair trial inasmuch as the jury has seen him brought into the court with handcuffs on, and we respectfully move the Court at this time to grant a mistrial."

The trial court denied the motion and in so doing made the following statement:

"* * * However, I am willing if you care to tender an

instruction to the jury covering this matter at the appropriate time to consider that instruction. The Motion is denied."

■ Instruction No. 12, to which no objection was made by counsel for defendant, informed the jury that:

"It is the policy of the Sheriff's Department to bring prisoners to the Court in hand-cuffs. If you should have seen the Defendant, Robert Edward Day, with hand-cuffs on in or near this building, you are instructed that this is no reflection upon the Defendant and the fact that he might have had hand-cuffs on when you saw him is in keeping with the policy of the Sheriff's Department. This should not be considered by you in determining the guilt or innocence of the Defendant."

We know of no authority supporting the contention of the defendant in this connection. Until the contrary is made to appear it must be assumed that the jury properly discharged its duty as instructed and there is nothing in this record to indicate that defendant was in any way prejudiced by the ruling of the court.

■ With reference to the contention of defendant that the case against him should have been dismissed because of delay in taking him before a judge, it is sufficient to say that the defendant was informed against immediately following his arrest, the amount of his bail was fixed, and he was tried, convicted and sentenced in the January term of the district court. Under these circumstances the contention that he was denied his right to a speedy trial is without merit.

■ As to whether a jury should visit the premises where a crime was committed is a matter which rests within the sound discretion of the trial court. In the instant case no disputed questions of fact were presented with reference to which a visitation to the premises could possibly have been of any benefit. The trial court did not abuse its discretion in declining to take the jury to the scene of the shooting.

■ With reference to the claim of defendant that the

court erred in submitting an instruction defining the crime as "assault with a deadly weapon," it is sufficient to say that the information charges that offense, and assault to kill, in one count. No objection was made thereto on the ground of duplicity. There was evidence admitted at the trial which made it necessary to give this instruction and had the trial court failed to do so reversible error would have been committed.

There was ample evidence warranting the court in giving an instruction upon the subject of flight. We find no error in the substance of the instruction which the trial court gave in this connection. Counsel for defendant at the trial conceded that a proper instruction on the question of flight was justified under the evidence. The only objection made to the instruction given was that it did not correctly state the law applicable to the proof. There is no merit to this contention.

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.