386 P.2d 559

STATE of Idaho, Plaintiff-Respondent,

v.

Frank MISSENBERGER, Defendant-Appellant.

No. 9328.

Supreme Court of Idaho.

Oct. 30, 1963.

Rehearing Denied Nov. 26, 1963.

Gen., Boise, Jack G. Voshell, Pros. Atty., Bonneville County, Idaho Falls, for respondent.

Rulon R. Price, Idaho Falls, for appellant.

Allan G. Shepard, Atty. Gen., Thomas G. Nelson and R. La Var Marsh, Asst. Attys.

KNUDSON, Chief Justice.

Appellant was charged with the crime of assault with intent to commit murder (I.C. § 18–4015). He was tried and the

jury returned a verdict finding appellant guilty of assault with a deadly weapon (I.C. § 18–906). Judgment was entered upon the verdict and this appeal is from said judgment.

Under appellant's assignment of error it is contended that "The verdict and judgment finding defendant guilty of assault with a deadly weapon is void because this crime is not an included offense in the crime of assault with intent to commit murder."

The only issue presented by this appeal is whether the offense of "assault with a deadly weapon" is an included offense under the information here involved.

The information filed by the prosecuting attorney of Bonneville County, Idaho, charged appellant with the crime of assault with intent to commit murder. The pertinent part of which information is as follows:

"The said Frank Missenberger on or about the 1st day of January, 1963, at the County of Bonneville and State of Idaho, and prior to the filing of this information,

"The said defendant then and there being did then and there assault the person of one Roy Mack with a loaded 32 calibre automatic mauser pistol with the intent then and there had to commit a murder by taking the life of the said Roy Mack.

"All of which is contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Idaho."

I.C. § 19–2312, authorizing a conviction of included offenses provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

In State v. Anderson, 82 Idaho 293, 352 P.2d 972, this court had under consideration said statute authorizing conviction of included offenses and precisely construed it as follows:

" * * * pursuant to I.C. § 19–2312, any offense, the commission of which is necessarily included in that charged in the indictment or information, is an included offense; * * *."

In People v. Greer, 30 Cal.2d 589, 184 P.2d 512, the supreme court of California had under consideration a statute almost identical to I.C. § 19–2312 and stated that "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense."

An assault is defined as "an unlawful attempt, coupled with a present ability, to

commit a violent injury on the person of another" (I.C. § 18–901). The offense of which appellant was found guilty is defined by I.C. § 18–906 as follows:

"Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the state prison not exceeding two years, or by fine not exceeding $5000, or by both."

The language contained in the information here involved could hardly more clearly charge the offense of "assault with a deadly weapon." It charges that appellant "did then and there assault the person of one Roy Mack", and it specifically alleges the manner or means of the commission of the offense by the words "with a loaded 32-calibre automatic mauser pistol."

Although the specific issue here involved was not raised in the early cases of Ex parte Cox, 3 Idaho 530, 32 P. 197, and State v. Dixon, 7 Idaho 518, 63 P. 801, the defendant in each case was charged with assault with intent to murder, and convicted of assault with a deadly weapon likely to produce great bodily harm. In Ex parte Cox, supra, the court said:

"There is no question but what the court had jurisdiction of the prisoner, and had jurisdiction to try him for the

crime of which he was convicted, and to sentence him for that crime; * *."

In State v. Owen, 73 Idaho 394, 253 P.2d 203, this court stated:

"Generally any offense which is included within the language of the information, or necessarily included in the charge, should be submitted to the jury."

Among cases decided in other jurisdictions where the offense of "assault with a deadly weapon" is considered as an included offense under an information or indictment charging the crime of assault with intent to commit murder by means of a deadly weapon are State v. Thompson, 68 Ariz. 386, 206 P.2d 1037; People v. McCurdy, 165 Cal.App.2d 592, 332 P.2d 350; Richardson v. State, 79 Okl.Cr. 42, 151 P.2d 73; Territory v. Alarid, 15 N.M. 165, 106 P. 371; Day v. People (Colo.), 381 P.2d 10.

Although the language of the charging part of an information is sufficient to charge included offenses, the statutory rule against charging more than one offense does not apply to included offenses. State v. Petty, 73 Idaho 136, 248 P.2d 218; State v. Wall, 73 Idaho 142, 248 P.2d 222.

■ Clearly the information alleges that the assault was made with a deadly weapon. A gun capable of being instantly fired is a "deadly weapon" within the meaning of assault statutes. People v. Pittullo, 116 Cal.

App.2d 373, 253 P.2d 705. In State v. Muguerza, 46 Idaho 456, 268 P. 1, this court held that an information charging an assault with intent to commit murder by means of a certain deadly weapon, to-wit, a pistol, also charged the offense of "assault with a deadly weapon" as an included offense and it was not necessary to allege that the pistol was loaded, such being a matter of proof only.

It is beyond question that the evidence is sufficient to justify the jury in finding that the appellant made an assault with a deadly weapon. The prosecuting witness, Roy Mack, testified that at the time of the offense he was staying at the home of his former mother-in-law and at about 11:30 at night he observed appellant going around to the back door of the house; that he (appellant) broke the lock off the storm door and forced the other door open; that appellant was in the kitchen by the time the witness met him. The following is an excerpt of the testimony of the prosecuting witness:

"Q  Would you describe what happened at the time you met him?

"A  Well, he had the gun in his hand, and he said, 'I'm going to kill you, you son of a bitch,' and he started firing, but I got hold of his gun and I kind of tripped him up, and I got hold of a ball peen hammer and started hitting him over the head with it. And I finally got him to where I got him down on the floor, and got the gun away from him after he had fired six shots."

Appellant contends and argues at length that under the law he cannot be found guilty of "assault with a deadly weapon" under a charge of "assault with intent to commit murder" because a different intent is involved in each offense; that in order for one offense to be included in another the peculiar intent involved in each crime must unite or coexist with the act. Appellant cites I.C. § 18–114, which provides:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

In State v. Taylor, 59 Idaho 724, 87 P.2d 454, it is stated that the "intent" as used in the foregoing quoted statute is construed to mean "not an intent to commit a crime but is merely the intent to knowingly perform the interdicted act, or by criminal negligence the failure to perform the required act." Further quoting with approval from State v. Henzell, 17 Idaho 725, 107 P. 67, wherein it was contended that intent is a necessary ingredient of every crime, the court said:

"This is true in the sense that the act must have been committed by the defendant voluntarily, and not under

duress or acting under compulsion of superior force."

The statute (I.C. § 18–906), which makes it an offense and prescribes the punishment that may be imposed upon one who commits an assault upon the person of another with a deadly weapon or instrument, contains no language which indicates that any specific intent is an essential element of the offense. In Territory v. Alarid, 15 N.M. 165, 106 P. 371, the supreme court of New Mexico had under consideration an appeal involving almost identical facts and contentions. The indictment charged an assault with a loaded gun with the intent to commit murder. The defendant was found guilty of assault with a deadly weapon, and in discussing the defendant's contention that it was not an included offense the court said:

"The acts of the defendant, as alleged in the indictment, constituted one crime or the other, according to the intention with which they were done. If they were done with intent to kill, they constituted the crime specifically named and charged in the indictment; if without that intent, the same acts constituted an assault with a deadly weapon. No element of the latter offense is lacking from the statement of the indictment. It is urged that the defendant was not apprised by the indictment that he had to make defense against a charge of assault with a deadly weapon. He was apprised that he was charged with everything which goes to make up that offense and with more, namely, with the intent to kill, in doing what it was alleged he did. The indictment lacked no information which could have enabled him any better to prepare for trial. The two offenses in question are of the same grade, although a heavier penalty may be imposed for an assault with intent to murder than for assault with a deadly weapon; and it is well settled that under an indictment for the greater, which includes every element of the less, a conviction of the latter should be allowed to stand."

In State v. Erickson, 57 Or. 262, 110 P. 785, the supreme court of Oregon, in discussing the intent necessary to constitute an "assault with a dangerous weapon", stated:

"The first error urged is that the indictment is fatally defective because it does not allege a wrongful intent. But the statute makes no reference to the intent, and in State v. Godfrey, 17 Or. 300, 20 P. 625, 11 Am.St.Rep. 830, it is said that no specific intent is necessary to constitute the crime under this statute other than such as is embraced in the act of making an assault with a dangerous weapon. This simply embraces the intentional and unlawful use

of a dangerous weapon by means of which an assault is committed with such weapon upon the person of another."

In People v. Cloninger, 165 Cal.App.2d 86, 331 P.2d 441, the court of appeals of California stated:

"A deadly weapon is one likely to produce death or great bodily injury. People v. Fuqua, 58 Cal. 245; People v. Cook, 15 Cal.2d 507, 102 P.2d 752. If it appears that the instrumentality is capable of being used in a deadly or dangerous manner and it may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require, its character as a dangerous or deadly weapon may be thus established, at least for the purposes of that occasion."

A person necessarily intends the probable, natural consequences of his own voluntary acts. In the absence of an admitted intent, the only yardstick by which one's intent can be determined is his external acts and conduct, what he does and what he says, and one cannot excuse the probable consequences of one's own voluntary act by claiming that he had a mental reservation and performed the act or acts voluntarily done without an intent. (State v. Johnson, 74 Idaho 269, 261 P.2d 638)

In this connection the following are excerpts from the testimony of a deputy sheriff relating to a conversation he had with appellant after his arrest and while in route to the hospital:

"Q Was there any conversation between yourself and Mr. Missenberger en route to the hospital?

"A Yes sir, there was.

"Q Will you relate that conversation as best you can recall it?

"A Mr. Missenberger asked me if he could have my gun so he could go back and do the job right, and—

"Q (Interrupting) Any other conversation pertaining to this offense that you can recall?

"A Yes sir, he mentioned that he had tried it once before, and that the third time was the charm."

The officer further testified that while at the hospital a Sister (nurse) mentioned to appellant "that he wasn't a very good shot" and he replied, "he was a bad shot with good intentions". The officer also testified that when they were getting ready to leave the hospital appellant "asked if we were going to let him go, and he said if we did that he would finish the job."

It clearly appears that the intent of appellant to do what the jury found he did, is sufficiently established by the commission

of the acts and the circumstances surrounding them.

We conclude that the language of the charging part of the information here considered is sufficient to charge "assault with a deadly weapon" as an included offense pursuant to I.C. § 19–2312, and that the evidence is sufficient to sustain the verdict.

The judgment is affirmed.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.