704 P.2d 363

The STATE of Idaho,
Plaintiff-Respondent,

v.

William . H. JONES,
Defendant-Appellant.

No. 15776.

Court of Appeals of Idaho.

Aug. 1, 1985.

August H. Cahill, Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

William Jones was convicted by a jury of aggravated battery. The conviction stemmed from an incident during which Jones, an inmate at the Idaho State Correctional Institution, injured a prison guard. The prosecutor's information alleged that Jones "did wilfully and unlawfully use force or violence upon [the prison guard] by means of a deadly weapon, to wit: a sock weighted with batteries." The sole issue on appeal is whether the evidence was sufficient to show that the "sock weighted with batteries" was a "deadly weapon or instrument" as defined in the aggravated battery statute, I.C. § 18–907(b).

Before addressing this issue on its merits, the state has invited our attention to the absence in Jones's brief of authority cited in support of his position. The state urges us to hold that such lack of cited authority precludes appellate review. We disagree with the state's characterization of the brief. Although terse, the brief identifies the "question presented" and in the "statement of the case" it refers to I.C. § 18–907(b). Although more authority ordinarily should be provided to support an appellant's argument, the issue as stated and the authority mentioned are sufficient

**32**

to elicit an analysis of this appeal on its merits.

■ In determining whether an instrumentality comes within I.C. § 18–907(b), the triers of fact must examine the circumstances of its use. *State v. Lenz*, 103 Idaho 632, 651 P.2d 566 (Ct.App.1982). In *State v. Missenberger*, 86 Idaho 321, 386 P.2d 559 (1963), our Supreme Court noted:

> A deadly weapon is one likely to produce death or great bodily injury. If it appears that the instrumentality is capable of being used in a deadly or dangerous manner and it may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require, its character as a dangerous or deadly weapon may be thus established, at least for the purposes of that occasion. (Citation omitted.)

86 Idaho at 327, 386 P.2d at 562, quoting *People v. Cloninger*, 165 Cal.App.2d 86, 331 P.2d 441, 443 (1958).

■ Here, the evidence shows the circumstances of the weapon's use. The sock was weighted with a minimum of two "D" cell batteries. Jones swung it at the head of the prison guard. It struck the victim on the top and front of his head, causing a laceration that required fifteen stitches. Witnesses present during the offense testified to the force of the blow and the effect that it had on the victim. The jury legitimately could have inferred that if a more sensitive area of the head had been struck, or if other correctional officers had not intervened, greater bodily harm would have resulted. *Cf. State v. Creech*, 105 Idaho 362, 670 P.2d 463 (1983), *cert. denied*, 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 722 (1984) (sock weighted with batteries used in assault that resulted in death). We conclude the evidence was sufficient to enable the jury to determine that the sock weighted with batteries was a "deadly weapon or instrumentality" under I.C. § 18–907(b), as applied to this case.

The judgment of conviction is affirmed.