798 P.2d 941

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sean Joel MATTHEWS,
Defendant–Appellant.**

**No. 17818.**

Court of Appeals of Idaho.

Oct. 5, 1990.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Sr. Trial Atty., Boise, for appellant.

Hon. Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

A jury found Sean Joel Matthews guilty of aggravated battery upon a correctional officer, I.C. §§ 18–903, 18–907, and 18–915. The district court imposed a unified sentence of fifteen years in prison with a ten-year minimum period of confinement and ordered that the sentence be served consecutively to the indeterminate life sentence Matthews already was serving.[1] Matthews appeals, arguing that insufficient evidence was presented to the jury to support the guilty verdict, that the sentence is unduly harsh and excessive, and that the district court abused its discretion by denying his I.C.R. 35 motion to modify the sentence. For the reasons stated below, we affirm.

The central facts in this case can be stated briefly. While incarcerated at the Idaho State Correctional Institution, Matthews admittedly fired a "sulphur gun" at a correctional officer who was serving lunch to Matthews in his cell. Projectiles from the gun struck the officer on one forearm and in one eye, causing relatively minor injuries.

## I.

As provided in the Idaho criminal code, a person commits aggravated battery who, in committing battery, uses a deadly weapon or instrument. I.C. § 18–907(b). Matthews argues that insufficient evidence was presented to the jury to sustain their implicit finding that the sulphur gun he used was a deadly weapon or instrument.

Our standards of review on this issue were summarized recently in *State v. Cates,* 117 Idaho 90, 91, 785 P.2d 654, 655 (Ct.App.1989) (review denied):

We will not set aside a jury verdict if there is substantial evidence upon which any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307 [99 S.Ct. 2781, 61 L.Ed.2d 560] (1979); *State v. Filson,* 101 Idaho 381, 613 P.2d 938 (1980). Nor will we substitute our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Moreover, on appeal, we view the evidence in the light most favorable to the respondent. *State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct.App.1982).

The question whether a particular instrumentality is a deadly weapon is for the jury to determine after examining the circumstances of its use. *State v. Jones,* 109 Idaho 31, 704 P.2d 363 (Ct.App.1985) (sock full of batteries); *State v. Lenz,* 103 Idaho 632, 651 P.2d 566 (Ct.App.1982) (pocket knife). As our Supreme Court has stated:

A deadly weapon is one likely to produce death or great bodily injury. [Citations omitted.] If it appears that the instrumentality is capable of being used in a deadly or dangerous manner and it may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require, its character as a dangerous or deadly weapon may be thus established, at least for the purposes of that occasion.

*State v. Missenberger,* 86 Idaho 321, 327, 386 P.2d 559, 562 (1963), quoting *People v. Cloninger,* 165 Cal.App.2d 86, 331 P.2d

---

**1.** Matthews' indeterminate life sentence was imposed prior to implementation of the Unified Sentencing Act of 1986, I.C. § 19–2513. The conviction resulting in his life sentence was upheld in a prior appeal. *See State v. Matthews,* 108 Idaho 453, 700 P.2d 75 (Ct.App.1985).

441, 443 (1958); *State v. Jones, supra;* *State v. Lenz, supra.*

■ Although the weapon in this case was not entered into evidence because it was never found, Matthews testified that he made the gun to protect himself from certain guards and that it was constructed in such a way that it would not cause serious damage to anybody. However, this statement conflicts with Matthews' testimony as to the dangerous nature of the device. He testified that he held the gun in his left hand and turned his eyes away to avoid injury to his "good hand" if the gun blew up in his hand or to his eyes from flying shrapnel.

The testimony of other correctional officers and other inmates described various ways of making sulphur guns and zip guns and the capabilities of each. It was the opinion of the inmate witnesses that sulphur guns are not dangerous weapons.

The prison doctor, who first treated the wounded correctional officer, described the injury to the officer's forearm as minor and described the eye injury as "fortuitously" minor. The doctor testified that the eye injury could have caused permanent disability, but that the arm injury would not.

■ From the record before us, we cannot say that there was insufficient evidence before the jury to support their implicit finding that Matthews' sulphur gun was a deadly weapon within the meaning of I.C. § 18–907. The jury heard the conflicting testimony and could determine the weight to give to the testimony of each witness. *State v. Campbell, supra.*

## II.

■ Since we have determined that there was sufficient evidence to support the verdict in this case, we next address Matthews' argument that the sentence imposed is unduly harsh and excessive. A sentence within the statutory limits will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982).

In accordance with the Unified Sentencing Act, I.C. § 19–2513, the sentencing judge imposed a minimum period of confinement of ten years to be served consecutively to the indeterminate life sentence Matthews already was serving. Accordingly, we will use ten years as the probable measure of confinement for the purpose of reviewing the sentence. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). The maximum sentence for aggravated battery upon a correctional officer is thirty years in prison. Idaho Code §§ 18–908, 18–915.

■ To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra.* The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

■ Although Matthews argues that his sentence is unreasonable, and an abuse of discretion, in that it ignores his needs for rehabilitation, the transcript of the sentencing hearing reflects that, prior to imposing sentence, the district court properly considered the *Toohill* factors, the nature of the offense, and Matthews' character. The district court had before it the presentence investigation report on Matthews, which contained a disciplinary record approximately three and one-half pages long. Since being incarcerated on a 1983 first degree murder conviction, Matthews had been disciplined for some minor rules infractions, as well as for more serious violations, including rioting, starting fires, possession of materials for using or making

homemade guns, and for shooting another inmate with a homemade gun. The presentence investigator estimated that Matthews had spent three of his six years in prison either on detention or cell restriction for various disciplinary reasons.

The district court expressed a primary concern for protecting society, noting that Matthews, without the slightest physical or verbal provocation, deliberately shot the correctional officer. The district court doubted that anybody could deter Matthews, but hoped the sentence would deter other prisoners. The court also considered in mitigation the fact that the officer's wounds were not major and imposed a sentence less than the statutory maximum and less than the twenty-five years recommended by the prosecutor. Matthews has failed to show any abuse of discretion by the trial court.

### III.

On November 7, 1988, Matthews filed a timely notice of appeal from the judgment of conviction, and on December 1, 1988, Matthews filed in district court an I.C.R. 35 motion for psychiatric examination and reconsideration of sentence. The district court ordered the psychiatric evaluation of Matthews, but later denied that portion of Matthews' motion requesting the district court to reduce the sentence or to make the sentence concurrent to the indeterminate life sentence Matthews was serving. Matthews now argues that the district court abused its discretion by denying that portion of his motion requesting modification of the sentence.

In conducting our review of the denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Allbee*, 115 Idaho 845, 771 P.2d 66 (Ct.App. 1989); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The motion is essentially a plea for leniency, addressed to the sound discretion of the sentencing court, and may be granted if the original sentence was unduly severe. *Allbee, supra; Lopez, supra.* On appeal, the sentencing court's decision will not be disturbed absent an abuse of discretion. *Allbee, supra; State v. Sutton*, 106 Idaho 403, 679 P.2d 680 (Ct.App.1984).

In denying the I.C.R. 35 motion in the instant case, the district court noted in Matthews' favor that the victim of the assault was not seriously injured and that Matthews had not committed any serious violations of prison rules for the last year. The judge, nevertheless, found "compelling" reasons for denying the motion, relying primarily on the psychiatric evaluation prepared at Matthews' request. The psychiatrist reported that Matthews continued to exhibit a "classic" antisocial personality disorder "with a marked tendency to utilize aggression and violence for personal gain." The psychiatrist opined that the pattern demonstrated by Matthews "is unlikely to be altered through any available program of psychotherapy or rehabilitation," and that it was likely Matthews would continue to pose a significant threat of violence to others.

Again, Matthews has failed to show any abuse of discretion by the sentencing judge.

The judgment of conviction, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.