IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 35518-7-III |
| | ) | |
| BENJAMIN G. CHILDS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Benjamin Childs has filed a personal restraint petition,

challenging the sentences imposed for multiple felony convictions. Finding no error, we

deny relief.

FACTS

The State charged Mr. Childs with multiple felonies under two separate cause

numbers. The cases were consolidated for trial and a jury convicted Mr. Childs as

charged.

At a consolidated sentencing hearing, the State proffered a lengthy criminal

history. In addition to five Washington felonies, the State alleged Mr. Childs had five

felony convictions in foreign jurisdictions—both state and federal court in Idaho. His

state convictions in Idaho included aggravated battery, grand theft, and possession of

a controlled substance. His federal convictions were for firearm offenses. Mr. Childs

neither disputed nor agreed to the comparability of the foreign convictions, and the

sentencing court did not conduct a comparability analysis. All five foreign convictions were included in Mr. Childs's offender score.

With the inclusion of the foreign convictions, Mr. Childs's offender score was well over 9 for each of his current counts of conviction. As a result, the State requested an exceptional sentence under RCW 9.94A.535(2)(c), Washington's "free crimes" aggravator. The court granted the State's request and sentenced Mr. Childs to consecutive sentences of 100 months in his first cause number and 72 months in his second.

After an unsuccessful direct appeal, Mr. Childs filed this timely personal restraint petition challenging his sentence. His primary attack focused on the trial court's failure to analyze his foreign convictions' comparability to Washington offenses. The State responded, conceding that the trial court erroneously failed to conduct a comparability analysis of Mr. Childs's foreign convictions. Nevertheless, the State argued that Mr. Childs's offender score was calculated correctly and that the petition should be denied. Mr. Childs was appointed counsel and his petition was referred to a merits panel for resolution.

The petition was originally scheduled for determination in January 2019. Rather than issue an immediate opinion, this court referred the case to the superior court to clarify the nature of two of Mr. Childs's foreign convictions (the federal convictions for

unlawful firearms possession) as well as to assess whether Mr. Childs had spent five consecutive years in the community without new convictions, as contemplated by RCW 9.94A.525(2)(c).

The superior court held a reference hearing, then entered findings of fact and conclusions of law. It determined that both of Mr. Childs's federal convictions stemmed from possession of a Revelation Model 350 .20 gauge shotgun, which had an overall length of less than 26 inches or a barrel of less than 18 inches. It also found that, since his release from federal custody, Mr. Childs had not spent five consecutive years in the community without committing a crime resulting in conviction.

The parties submitted supplemental briefing to this court in response to the superior court's findings. Mr. Childs's petition was then resubmitted to a merits panel for consideration without oral argument.

ANALYSIS

*Foreign convictions in offender scoring*

The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, established "a grid of sentencing ranges which vary by the defendant's offender score and the seriousness level of the crime." *State v. Wiley*, 124 Wn.2d 679, 682, 880 P.2d 983 (1994); RCW 9.94A.510. A defendant's offender score is based on prior convictions, including

"'other current offenses.'" RCW 9.94A.525; *see also Wiley*, 124 Wn.2d at 683. If a defendant has prior convictions for out-of-state or federal convictions, the SRA requires that those offenses be classified by determining comparability to Washington offenses. RCW 9.94A.525(3); *Wiley*, 124 Wn.2d at 683.

Comparability analysis involves a two-part test. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255, 111 P.3d 837 (2005). The first is legal comparability, which focuses on elements. If a foreign conviction's elements are the same as or narrower than those of a Washington counterpart, then the two offenses are legally comparable and the analysis ends. *In re Pers. Restraint of Canha*, 189 Wn.2d 359, 367, 402 P.3d 266 (2017). But if the offenses are not legally comparable, the convictions are analyzed for factual comparability. *Lavery*, 165 Wn.2d at 255-57. Offenses are factually comparable when the conduct established beyond a reasonable doubt by the foreign conviction necessarily would have violated a Washington statute. *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998).

Unless the defense waives the issue through affirmative acknowledgment, the trial court must conduct a comparability analysis prior to including foreign convictions in a defendant's offender score. *State v. Ross*, 152 Wn.2d 220, 229-30, 95 P.3d 1225 (2004).The defense need not object to the court's failure to conduct a comparability

analysis to preserve appellate review. *State v. Mendoza*, 165 Wn.2d 913, 928, 205 P.3d 113 (2009). Nevertheless, the absence of a trial court analysis does not require reversal if the record demonstrates the foreign convictions were properly included in the offender score. *See Canha*, 189 Wn.2d 368-77.

Mr. Childs challenges the inclusion of all five of his foreign convictions in his offender score. We address each in turn.

*1. Idaho aggravated battery*

In 2006, Mr. Childs pleaded guilty to felony aggravated battery through use of a deadly weapon or instrument in violation of Idaho Code §§ 18-903(a) and 18-907(1)(b). This conviction required proof that Mr. Childs willfully and unlawfully used force or violence on the person of another, Idaho Code § 18-903(a), and that he did so using a "deadly weapon or instrument." Idaho Code § 18-907(1)(b).

Mr. Childs's Idaho offense is legally comparable to the Washington crime of second degree assault with a deadly weapon, RCW 9A.36.021(c). We disagree with Mr. Childs's claim that Idaho has a broader definition of deadly weapon. Both Washington and Idaho define a deadly weapon as one capable of causing death or near deadly harm under the circumstances used. *Compare State v. Huston*, 121 Idaho 738, 740, 828 P.2d 301 (1992) (A deadly weapon is an instrument used in a manner capable of producing and

*likely* to produce death or great bodily injury.), *and State v. Matthews*, 118 Idaho 659, 661-62, 798 P.2d 941 (1990) (A deadly weapon is one *likely* to produce death or great bodily injury and was intended to be used as a weapon.), *with* RCW 9A.04.110(6) (A deadly weapon includes any "weapon, device, instrument, article, or substance . . . which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm.").

Given that similarity, Mr. Childs's Idaho conviction for aggravated battery was properly included in his offender score.

*2. Federal possession of a firearm by a prohibited person*

In 2002, Mr. Childs pleaded guilty to unlawfully possessing a "firearm or ammunition" in violation of 18 U.S.C. § 922(g)(1). This offense is legally broader than its Washington counterpart, RCW 9.41.040(1)(b), which does not encompass ammunition. Nevertheless, our inquiry does not end there. The findings from Mr. Childs's reference hearing demonstrate his federal conviction is factually comparable to the state crime because the guilty plea specified a firearm, not ammunition.

The federal conviction for possession of a firearm by a prohibited person was properly included in the offender score.

6

*3. Federal possession of an unregistered firearm*

Based on the record before this court, Mr. Childs's unregistered firearm conviction is not factually comparable to a Washington offense. Nevertheless, since his release from federal custody, Mr. Childs has not spent five consecutive years in the community without being convicted of a crime. RCW 9.94A.525(2)(c). Thus, this offense is properly included in the offender score as a class C felony. RCW 9.94A.525(3).[1]

The federal conviction for possession of an unregistered firearm was properly included in the offender score.

*4. Idaho possession of controlled substances*

In 2001, Mr. Childs pleaded guilty to felony possession of a controlled substance (methamphetamine) in violation of Idaho Code §§ 37-2732(c)(1) and 37-2707(d). The language in those statutes is nearly identical to the Washington counterpart. It is legally comparable to the Washington controlled substances offense. RCW 69.50.401(d).

---

[1] Mr. Childs claims that his two federal convictions should not have been counted separately because they constituted the same criminal conduct. This allegation was not addressed in the original petition. Nevertheless, even if the two federal convictions had been combined, the final offender score would still exceed 9.

The Idaho conviction for possession of methamphetamine was properly included in the

offender score.

### 5. Idaho grand theft

In 2001, Mr. Childs pleaded guilty to grand theft in violation of Idaho Code §§ 18-

2403(2)(d)(1) and 18-2407(1)(b)(1). This is legally comparable to the Washington felony

of second degree theft by color or aid of deception. RCW 9A.56.010(4)-(5), .020. Those

statutes show both Idaho and Washington prohibit making false promises to acquire

property. Mr. Childs does not appear to claim otherwise.

The Idaho conviction for grand theft was properly included in the offender score.

### *Exceptional sentence and the free crimes aggravator*

### *Legality of free crimes aggravator*

An offender score is calculated using both past and current convictions.

RCW 9.94A.525(1). The maximum score is "9 or more." RCW 9.94A.510. When

multiple current offenses result in an offender score greater than nine, "further increases

in the offender score do not increase the standard sentence range." *State v. France*,

176 Wn. App. 463, 468, 308 P.3d 812 (2013). In such circumstances, the free crimes

aggravator outlined in RCW 9.94A.535(2)(c) may justify imposition of an exceptional

upward sentence. Once the aggravator is triggered, "[t]he trial court has 'all but unbridled

8

discretion' in fashioning the structure and length of an exceptional sentence." *France*, 176 Wn. App. at 468 (internal quotation marks omitted) (quoting State v. Halsey, 140 Wn. App. 313, 325, 165 P.3d 409 (2007).

Mr. Childs had four current convictions under two separate cause numbers. Because Mr. Childs's offender score for each conviction exceeded 9, the sentencing court had discretion to impose an exceptional sentence upward. The court chose to exercise this discretion by fashioning consecutive sentences as to Mr. Childs's two cause numbers. This was not an abuse of discretion. *Id*. at 470-71. Nor did the separate sentences violate double jeopardy. *Id*. at 471-72.

*Ineffective assistance of counsel*

Mr. Childs claims he received ineffective assistance of trial and appellate counsel because neither attorney raised the issues he presented in his petition. We disagree. A claim of ineffective assistance of counsel requires showing prejudice. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Here, there was none. Although the sentencing court erred by failing to conduct a comparability analysis, an independent review confirms all of Mr. Childs's foreign convictions were properly included in his offender score.

9

CONCLUSION

Mr. Childs's petition for relief from personal restraint is denied.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.